UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DOCKET NO. 5:19-CR-022-MOC |
| | ) | |
| v. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| (1) GREG E. LINDBERG, | ) | **SUPPRESS AND EXCLUDE** |
| (2) JOHN D. GRAY | ) | |
| (3) JOHN V. PALERMO, JR., and | ) | |
| (4) ROBERT CANNON HAYES. | ) | |
| | ) | |

## <u>INTRODUCTION</u>

Defendant John V. Palermo, Jr. facilitated a year-long scheme to bribe the North Carolina

Commissioner of Insurance with $2 million in political contributions. He set up two corporate

entities to receive bribe payments, cashed two checks made out to the entities totaling $1.5 million,

and pressed his co-conspirators to secure official action by the Commissioner. In setting up the

corporate shells and political organizations, Palermo employed a law firm, Nelson Mullins Riley

& Scarborough ("Nelson Mullins"). Palermo claims that the government denied him his Sixth

Amendment right to counsel by reviewing potentially attorney-client privileged emails that he

exchanged with Nelson Mullins before he was charged.

Palermo now seeks the blanket suppression of all evidence procured ███████

███████████ and the wholesale exclusion of the government's case agent

as a witness. Palermo's arguments misapprehend the law. Any potentially privileged

communications between Palermo and Nelson Mullins do not implicate his constitutional right to

counsel: the Sixth Amendment is limited to "the Assistance of Counsel for [criminal] defense."

U.S. Const. Amend. VI. Suppression is not an appropriate remedy here. *See United States v.*

*Squillacote*, 221 F.3d 542, 560 (4th Cir. 2000) (affirming denial of suppression of evidence absent

1

a violation of a constitutional protection). Further, Palermo has not established that any of his communications with Nelson Mullins are actually privileged, and even assuming that they are, their privileged status impacts only their admissibility at trial if they are offered. Palermo is entitled to no relief pre-trial. Moreover, the government will not to seek to admit any communications between Palermo and any counsel in evidence. Simply put, there is no factual or legal basis for Palermo's request. Palermo's motion should be denied.

## **BACKGROUND**

A grand jury in the Western District of North Carolina returned a Bill of Indictment against Palermo and co-defendants Greg E. Lindberg, John D. Gray, and Robert Cannon Hayes charging one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349, and one count of bribery concerning programs receiving federal funds and aiding and abetting, in violation of 18 U.S.C. §§ 666(a)(2) and 2, in connection with a scheme to bribe the elected North Carolina Insurance Commissioner to remove and replace a senior regulator in the Department of Insurance who was responsible for regulating Lindberg's insurance companies. (Bill of Indictment, Dkt. 3).[1]

In the course of investigating these offenses, Special Agent Michael Scherger ("SA Scherger") ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

[1] The Bill of Indictment includes three additional charges of making false statements, in violation of 18 U.S.C. § 1001, against defendant Robert Cannon Hayes, which are not relevant to this motion. Hayes has already pleaded guilty in this matter.

████████████ [2] (*Id.* at 4.)[3] Unbeknownst to the government when the Google Search Warrant was executed, Palermo had emailed during this time period with an attorney from Nelson Mullins, regarding the formation of certain political organizations. (*See* Palermo's Amended Memorandum ("Am. Br."), Dkt. 98 at 3.)

On December 2, 2019, Palermo filed this motion to suppress evidence ████████████ ████████████ and to exclude SA Scherger, one of the government's case agents, from participating in this case. (Dkt. 92.) Counsel for the government subsequently contacted Palermo's counsel regarding several inaccurate statements included in Palermo's memorandum supporting his motion to suppress. (*See* Am. Br. at 1 n.1.) Specifically, the memorandum accused the government of seizing and reviewing email communications between Palermo and his current defense attorneys. (*See* Palermo's First Memorandum ("1st Br."), Dkt. 94 at 2, 11, 12.) At the time, Palermo had access to evidence demonstrating these accusations to be incorrect, including

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ After the government confronted Palermo's counsel about the false accusations contained in their memorandum, Palermo's counsel agreed to submit an amended memorandum.

---

[2]      Palermo ████████████████████████████████

████████████████████████

                           (Palermo's First Memorandum ("1st Br."), Dkt. 94 at 2.)
This statement is omitted from Palermo's amended memorandum.

[3]      Pagination in record citations refers to page numbers assigned by the ECF system.

Palermo's amended memorandum omits the inaccurate statements and includes a footnote wherein he claims, ██████████████████████████████████████████████████ ██████████████████████████████████████ (emphasis added). (Am. Br. at 1 n.1.) To be clear, the government never seized, nor reviewed, any emails between Palermo and his defense counsel.

## ARGUMENT

Palermo seeks the suppression of "any evidence obtained from the ██████████████" and to "[e]xclude SA Scherger from this case." (Am. Br. at 13.) In support of this sweeping request, Palermo suggests that █████████████████████████████████ ████████ produced evidence which violated or somehow led to the violation of his rights under the Fourth and/or Sixth Amendments to the United States Constitution. It appears Palermo is attempting to argue that the government's inadvertent interception of emails between himself and counsel representing him in connection with a civil matter amounts to a violation of Palermo's Sixth Amendment rights.[4]

The Sixth Amendment's protection of the right to counsel includes protection of "privacy of communication with counsel." *United States v. Brugman*, 655 F.2d 540, 546 (4th Cir. 1981). The Sixth Amendment right to counsel only attaches, however, during "critical confrontations" with the government—that is, following "the initiation of adversary judicial criminal proceedings."

---

[4] Appropriately, Palermo no longer asserts that the government seized or reviewed privileged communications between himself and his defense counsel, which, in his first memorandum, he argued would be an "indisputable violation of Palermo's Sixth Amendment rights." (1st Br. at 12.) Palermo's current argument is thus particularly confusing because, although the amended memorandum omits any reference to communications between Palermo and his defense counsel, he did not substantially alter his legal argument that his Sixth Amendment rights were violated.

4

*United States v. Payne*, 954 F.2d 199, 203 (4th Cir. 1992) (internal quotation marks omitted). There is no Sixth Amendment right to counsel in connection with civil matters. *Ferguson v. Gathright*, 485 F.2d 504, 506 (4th Cir. 1973); *see also Moran v. Burbine*, 475 U.S. 412, 430 (1986) ("[T]he suggestion that the existence of an attorney-client relationship itself triggers the protections of the Sixth Amendment misconceives the underlying purposes of the right to counsel.").

It is beyond dispute that ████████████████████ produced <u>no</u> emails between Palermo and his current defense counsel or any other attorney representing him in connection with any criminal matter. The government has established this, and Palermo has since conceded it. The ████████████████████ well before the government initiated judicial criminal proceedings against Palermo and, according to Palermo's statement of facts, two weeks before Palermo contacted current counsel in connection with the government's investigation in this case.

Thus, Palermo's argument for suppression rests solely on emails between himself and an attorney from Nelson Mullins regarding an indisputably civil matter. The government acknowledges that these emails were included ████████████████████ ██████. But the interception of these emails was completely inadvertent.[5] ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[5]  Palermo████████████ communicating ████████████████████████ inaccurate.

████████████████████████, the government was completely unaware that Palermo communicated with any attorney regarding any matter.

5

██████████████████████████████████████]. The government will not seek to admit any emails between Palermo and any attorney in evidence. As such, there has not been and will not be any violation of Palermo's constitutional rights warranting suppression of evidence obtained ████████████████████████████.[6]

If the government wanted to use potentially privileged communications at trial,[7] the only remedy available to Palermo would be the exclusion of individual statements from trial. Although this is ultimately beside the point because the government has expressly stated that it will not use any of the emails at issue here, the appropriate remedy is worth noting because it emphasizes important nuances that Palermo's argument obscures. Suppression of evidence is an "extreme remedy" usually reserved for violations of constitutional rights. *See Squillacote*, 221 F.3d at 560, 560 n.8; *see also United States v. Warshak*, 631 F.3d 266, 294 (6th Cir. 2010) (declining to "extend the fruit-of-the-poisonous tree doctrine beyond the context of constitutional violations"). Attorney-client privilege, by contrast, is recognized and protected by the Federal Rules of Evidence. *See In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984). The attorney-client privilege is not itself a constitutional protection. *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989); *accord Warshak*, 631 F.3d at 294; *Squillacote*, 221 F.3d at 560. Moreover, because attorney-client privilege "impedes the full and free discovery of the truth, it must be narrowly construed and recognized only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means

---

[6]   Palermo refers to the Fourth Amendment in passing, but makes no substantive argument that his Fourth Amendment rights have been violated. Therefore the government does not address the issue.

[7]   The government presently takes no position on whether any communications in the seized set of emails contain statements protected by attorney-client privilege.

6

for ascertaining truth." *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003) (internal quotation marks omitted). It is the burden of the party seeking to exclude specific statements from use at trial—Palermo, in this case—to demonstrate that "(1) the attorney-client privilege applies; (2) the communications were protected by the privilege; and (3) the privilege was not waived." *United States v. Aramony*, 88 F.3d 1369, 1389 (4th Cir. 1996). Palermo has made no such showing. Accordingly, Palermo's motion is deficient in multiple significant respects. First, he has identified no violation of his constitutional rights which would entitle him to suppression of evidence, and on the basis of facts undisputed here, he could not do so. Second, there is no legal authority for the proposition that a party is entitled to the blanket suppression of evidence on the basis of a conclusory accusation that seized evidence contains communications covered by attorney-client privilege. *See, e.g.*, *United States v. Patel*, No. 16-CR-798 (KBF), 2017 WL 3394607, at *6 (S.D.N.Y. Aug. 8, 2017) ("Neither [Defendant] nor the Government has identified any instances where a court authorized blanket suppression or invalidation of a search warrant following seizure of privileged material."). Third, if Palermo wished to exclude any statements on the basis of attorney-client privilege, which will be unnecessary given the government's commitments regarding any emails with Nelson Mullins, it is *Palermo's burden* to identify specific privileged materials he wishes to exclude, demonstrate that attorney client privilege applies and those materials are protected by the privilege, and establish that the privilege was not waived. *Aramony*, 88 F.3d at 1389. Palermo has made no effort to address this burden, much less succeeded in carrying it.[8]

---

[8]     Palermo provides no independent justification or legal support for excluding SA Scherger from participating in these proceedings. Thus, the government does not independently address this aspect of Palermo's motion except to state that, if Palermo has no grounds on which to request suppression of evidence ███████████████████████, as discussed herein, his request to completely bar the government's case agent from participating in this case is equally

## CONCLUSION

Palermo's Motion to Suppress and Exclude lacks any basis in fact or law. He has identified no violation of his constitutional rights; he has identified no specific communications as privileged; and he has articulated no basis on which to exclude the government's case agent as a witness. The United States respectfully requests that the Court deny Palermo's motion in its entirety.

Respectfully submitted this 19th day of December, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*s/ Dana O. Washington*
William T. Stetzer
Dana O. Washington
Assistant United States Attorneys

COREY R. AMUNDSON
Chief, Public Integrity Section

*s/ Kathryn E. Fifield*
Kathryn E. Fifield
James C. Mann
Trial Attorneys

---

unfounded. As Palermo acknowledges, "[t]he 'standards for suppression of witness testimony are stricter than for physical evidence.' " (Am. Br. at 11, quoting *United States v. Najjar*, 300 F.3d 466, 479 (4th Cir. 2002).)

## CERTIFICATE OF SERVICE

I hereby certify that this 19th day of December 2019, the foregoing document was served electronically through ECF filing upon counsel of record for the defendant as follows:

Brian S. Cromwell
briancromwell@parkerpoe.com

Sarah Fulton Hutchins
sarahhutchins@parkerpoe.com

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_**s/ Dana O. Washington**_
DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY